IN THE COURT OF APPEALS OF TENNESSEE

WILLIAM LEFFEW, and wife,           ) C/A NO. 03A01-9508-CV-00280
CHRISTINE LEFFEW,                   ) KNOX COUNTY CIRCUIT COURT
                                    )
        Plaintiffs-Appellants,      )
                                    )
                                    )
                                    )
                                    )
v.                                  )
                                    )
                                    )
                                    )
                                    )
                                    )
AcandS, Inc., et al.,               )
                                    ) HONORABLE DALE WORKMAN,
        Defendants-Appellees.       ) JUDGE

FILED

**March 29, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

CONCURRING OPINION

I concur in the result reached in the opinion authored
by Judge McMurray; however, I believe the bankruptcy claims
produced by the plaintiffs in discovery do present an issue that
was not directly addressed in *Wyatt v. A-Best Company*, 910 S.W.2d
851 (Tenn. 1995). Those claims raise this question: did the
plaintiff William Leffew (Leffew) acknowledge in the claims
submitted on his behalf that he *knew*, more than one year before
the plaintiffs filed suit, that he was suffering from an
asbestos-related disease? The question in this case is *not*
whether the June 6, 1990, diagnosis was one of asbestosis. That
question is clearly answered in the negative by the holding in
*Wyatt*. The real question in the instant case is the significance
of Leffew's statement in the claims that he was suffering from an
"asbestos related condition[]" that was "first diagnos[ed]" on

1

June 6, 1990.  Does this mean that, prior to June 27, 1990[1], he had some knowledge of an asbestos-related condition over and above the "bare bones" June 6, 1990, diagnosis of "interstitial fibrosis consistent with pneumoconiosis"?  I write separately to explore, in more detail, the claims filed on behalf of Leffew against the Manville Personal Injury Settlement Trust and the UNR Asbestos-Disease Claims Trust.

In its present posture, this case is still one "on the papers."  We are dealing with a question of summary judgment. The affirmative defense of the statute of limitations has not been tried on the merits.  Therefore, neither the trial court nor this court is permitted to weigh the evidence.  *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993) ("The court is not to 'weigh' the evidence when evaluating a motion for summary judgment.") Summary judgment is designed to resolve cases "on the papers" when it is clear that all of the material facts required to resolve a given issue are undisputed and that those undisputed material facts demonstrate conclusively that the moving party is entitled to a judgment, as a matter of law.  Tenn. R. Civ. P. 56.03.

In a summary judgment evaluation, there is a mandated bias in favor of the nonmoving party.  We must view the evidence in a light favorable to that party.  *Byrd* at 215.  By the same token, and particularly relevant here, we must allow the nonmoving party all reasonable inferences from the record in that party's favor.  *Id*.  If two mutually exclusive reasonable inferences can be drawn from the record--one favorable to the

---

[1]The original complaint was filed on June 27, 1991.

movant and one favorable to the nonmovant--the latter is entitled to the one favorable to him or her. I will review these claims with these principles in mind.

In order to understand the essence of the defendants' position with respect to these essentially similar bankruptcy claims, it is necessary to examine the claim forms filed on behalf of Leffew. I will analyze the one filed against the Manville Personal Injury Settlement Trust; however, my comments are equally applicable to the other claim. For ease of reference, the portions of the Manville Trust claim completed on behalf of Leffew are shown in italics:

| SOCIAL SECURITY NO. *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* | |
|---|---|

IN 1. ASBESTOS RELATED CONDITIONS

| CONDITION-LOCATION-ORIGIN *Interstitial fibrosis* | DATE OF FIRST DIAGNOSIS *(6)* MONTH *(6)* DAY *(90)* YEAR |
|---|---|
| | PHYSICIAN NAME(S) *Myung-Sup Kim, M.D.* |
| CONDITION-LOCATION-ORIGIN *Probable asbestos related lung disease* | DATE OF FIRST DIAGNOSIS *(6)* MONTH *(28)* DAY *(90)* YEAR |
| | PHYSICIAN NAME(S) *Steve G. Ferguson* |

The defendants argue that this claim reflects that Leffew knew, prior to June 27, 1990, that he was suffering from asbestosis. The argument goes something like this: the claim asked the claimant to identify "asbestos related conditions"; Leffew's counsel filled in the condition of "interstitial fibrosis" as one of his "asbestos related conditions"; he indicated that this "asbestos related condition[]" was "first diagnos[ed]" on June 6, 1990; therefore, the argument goes,

3

Leffew knew on or about June 6, 1990, that he was suffering from an "asbestos related condition[]."

Assuming, for the purpose of argument, that the interpretation placed on the bankruptcy claims by the defendants is a reasonable one[2], it is obvious that their interpretation is not a conclusive one. Therefore, the question remains--is there a reasonable interpretation of the claims favorable to the plaintiffs? If there is, we must discard the interpretation favorable to the defendants as "countervailing evidence." *Id*. at 210-11.

It must be remembered that Leffew's claims were submitted *after* Dr. Steve G. Ferguson made his diagnosis of asbestosis[3]. It can be legitimately argued that Leffew, in his claims, was asserting that, *after* he got the definite diagnosis of asbestosis from Dr. Ferguson, he *then* knew[4] that the broader x-ray diagnosis of "interstitial fibrosis" was really evidence of asbestosis. This is a fair inference from the bankruptcy claims, it is favorable to Leffew, and he is entitled to it under our summary judgment procedure.

The bankruptcy claims filed by Leffew are clearly

---

[2] I express no opinion as to whether the defendants' "spin" on the claims is persuasive; however, I would point out that there is no *express* statement in either claim that Leffew *knew* he had asbestosis more than one year prior to the filing of the complaint. This is arguably significant because the date one learns of a diagnosis obviously can be different from the date the diagnosis is made.

[3] The Manville claim, for example, was transmitted to the Trust by a letter from Leffew's counsel dated August 8, 1990.

[4] I say "knew" because once Leffew learned on or about June 28, 1990, that he had asbestosis, he would have then realized that the June 6, 1990, diagnosis of a lung disease was in fact a diagnosis of asbestosis.

4

susceptible to a reasonable interpretation--a "slant" as it were --favorable to his position, i.e., that he did not know of, and is not legally chargeable with knowledge of, his condition of asbestosis until he learned of that diagnosis from Dr. Ferguson.

The bankruptcy claims, properly construed, do not establish a fact essential to the defendants' motion, i.e., accrual of the plaintiffs' cause of action more than one year before the instant case was filed. This being the case, the facts of this case, from the defendants' standpoint, are no stronger than those in *Wyatt*. Therefore, there is no reason to reach the defendants' estoppel argument, dependent as it is on our adoption of the defendants' interpretation of the bankruptcy claims.

Summary judgment on the affirmative defense of the statute of limitations is not appropriate. It remains to be seen what the admissible evidence on this particular issue will reflect when this issue and the other issues made by the pleadings are tried on the merits.

_____
Charles D. Susano, Jr., J.